UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | |
|     v. | Case No. 94-cr- 30131-JPG |
| NORRIS W. JACKSON, | |
|     Defendant. | |

**MEMORANDUM AND ORDER**

Norris Jackson is serving a 360 month sentence which was imposed by District Judge Paul E. Riley on November 7, 1997 (Doc. 138).  On February 13, 2008, Jackson filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582 (Doc. 150).  The Court appointed counsel to represent Jackson on that issue, and counsel withdrew on the basis that he could not make a non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 154). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Court made the determination that Defendant was ineleigible for a sentence reduction and lacked jurisdiction to grant any such relief.  As such, Defendant's motion (Doc. 150) for retroactive application of sentencing guidelines was dismissed.  (Doc. 155).

Defendant filed another Motion (Doc. 156) for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses on July 1, 2013, and counsel was once again appointed. That counsel filed a Motion (Doc. 159) to Withdraw after reviewing Defendant's case and determining that Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582 (c) and the retroactive amendments to the crack cocaine sentencing guidelines.  Amendment 706, U.S.S.G.   The Motion (doc. 159) to Withdraw was granted on December 17, 2013; however, no

order was issued with regard to Defendant's Motion (Doc. 156) for Retroactive Application of Sentencing.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nomMcKnight v. United States*, 129 S.Ct. 1924 (2009).

Defendant seeks a lower sentence based on changes to the United States Sentencing Guidelines Manual ("U.S.S.G.") in the wake of the enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), on August 3, 2010.  That act changed the quantities of crack cocaine necessary to trigger mandatory minimum sentences and statutory maximum sentences statutory ranges in an effort to reduce the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) & 841(b)(1)(B)(iii). It also directed the United States Sentencing Commission to amend the United States Sentencing Guidelines to reflect the changes in the act.  The Sentencing Commission accomplished this in a supplement to the 2010 Guidelines Manual, which included amendments to the drug quantity table

of U.S.S.G. § 2D1.1(c).

However, Congress did not provide for the retroactive application of the Fair Sentencing Act of 2010. *See United States v. Bell*, 624 F.3d 803, 815 (7th Cir. 2010), *petition for cert. filed*, No. 10-9409 (Mar. 4, 2011). *See United States v. Bell*, 624 F.3d 803, 815 (7th Cir. 2010) (FSA inapplicable to defendants sentenced before effective date), *petition for cert. filed*, No. 10-9409 (Mar. 4, 2011); *see also United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011) (also inapplicable to defendants sentenced after effective date whose crime were committed before effective date; "the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing").

Therefore, the Court **DISMISSES** the Defendant's Motion (Doc. 156) for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses for **Lack of Jurisdiction.**

**IT IS SO ORDERED.**

**DATED:**  10/27/2014

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**