UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>NORRIS W. JACKSON,<br><br>    Defendant. | Case No. 94-cr- 30131-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Norris W. Jackson's Motion for Reconsideration were the Court Misconstrued Defendant's Argument in his Request for resentencing and Motion to Call Mandate (Doc. 165).

1. **Background.**

Norris Jackson is serving a 360 month sentence which was imposed by District Judge Paul E. Riley on November 7, 1997 (Doc. 138).  On February 13, 2008, Jackson filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582 (Doc. 150).  The Court appointed counsel to represent Jackson on that issue, and counsel withdrew on the basis that he could not make a non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 154). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Court made the determination that Defendant was ineligible for a sentence reduction and lacked jurisdiction to grant any such relief.  As such, Defendant's motion (Doc. 150) for retroactive application of sentencing guidelines was dismissed.  (Doc. 155).

Defendant filed another Motion (Doc. 156) for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses on July 1, 2013, and counsel was once again appointed.

That counsel filed a Motion (Doc. 159) to Withdraw after reviewing Defendant's case and determining that Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582 (c) and the retroactive amendments to the crack cocaine sentencing guidelines.  Amendment 706, U.S.S.G.  The Motion (doc. 159) to Withdraw was granted on December 17, 2013; however, no order was issued with regard to Defendant's Motion (Doc. 156) for Retroactive Application of Sentencing.

As such, the Court reviewed Defendant's Motion (Doc. 156) for Retroactive Application of Sentencing and issued a Memorandum and Order (Doc. 163) dismissing the Defendant's Motion (Doc. 156) for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses for lack of jurisdiction.

Now before the Court is Defendant Norris W. Jackson's Motion for Reconsideration. Where the Court Misconstrued Defendant's Argument in his Request for Resentencing and Motion to Call Mandate (Doc. 165).  Although the Motion does not specifically state what order the Defendant is requesting this Court to reconsider, it appears to be the Memorandum and Order (Doc. 163) of October 27, 2014 based upon the contents of the motion and also a response (Doc. 164) that the Defendant filed shortly after the order was entered.  The Defendant's Motion is clear with regard to Mandate of Appellate Court – *United States v. Jackson*, 103 F.3d at 571 (7th Cir. 1996).

II. **Analysis**.

Defendant's Motion states that the Court misconstrued his arguments in his Motion for Sentence Reduction under 18 USC § 3582(c)(2). (Doc. 156). "As the court can see the defendant (Jackson) was not argueing (sic) the retroactive application of the Fair Sentencing Act

of 2010." (Doc. 165, page 3). "Jackson is argueing (sic) that the court correct the errors that the Honorable Judge Riley committed at Jackson sentencing, and the error the court of appeals for the Seventh Circuit committed based on Jackson(s) Motion for downward departure based on the crack/powder disparity." (Doc. 165, page 3).

Defendant's argument is that at sentencing, the district court erroneously believed it was without authority to rule on his motion for downward departure and that the Appellate Court should have not denied his appeal, but should have remanded it back to allow the district court to indicate whether it would have selected a different sentence has it known of its discretion under *Kimbrough v. United States*, 128 S.Ct. 558 (2007).

If, as stated in the Motion for Reconsideration, Defendant is requesting a sentence reduction based on subsequent case law, this Motion (and possibly the previous motion) invokes 28 U.S.C. § 2255, because the relief he seeks is only available through such a motion.

 "Any motion filed in the district court that imposed the sentence, and substantively within the scope of §2255 ¶1, *is* a motion under §2255, no matter what title the prisoner plasters on the cover. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (internal citation omitted).

The Court is hesitant to construe this as a § 2255 motion without a clear indication that Defendant intends to invoke that statute, so the Court will not do so. However, the Motion to Reconsider contains no argument or basis for this Court to Reconsider its Order (Doc. 163) with

regard to Defendant's Motion for Sentence Reduction under 18 USC § 3582(c)(2) (Doc. 156).

However, the Court notes that in *United States of America v. Kevyn Taylor*, 778 F.3d 667, (7th Cir. 2015), the Appellate Court held that, ". . . a district court has subject-matter jurisdiction to consider a motion for relief under 18 U.S.C. § 3582(c)(2) regardless of whether the moving defendant is actually eligible for such discretionary relief."  This Court dismissed (Doc. 163) the Defendant's Motion (Doc. 156) for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses for lack of jurisdiction due to the Defendant being ineligible for the relief. Based on *Taylor*, this Court should have denied Defendant's Motion (Doc. 156) on the grounds that he was not eligible for the relief requested.

Finally, with regard to that portion of the Defendant's Motion requesting that the Appellate Court withdraw its mandate, such motion should be directed to the Appellate Court.

III. **Conclusion.**

Based on the above, the Defendant Norris W. Jackson's Motion for Reconsideration (Doc. 165) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:**  5/6/2015

                **s***/J. Phil Gilbert*
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**