UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

     v.

NORRIS W. JACKSON,

        Defendant.

Case No. 94-cr-30131-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Norris W. Jackson's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010), pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc.175).   The Government has responded to the motion (Docs. 178 & 187), and the defendant has replied (Doc. 179).

In June 1995, Jackson was found guilty by a jury of one count of conspiracy to distribute crack cocaine (Count 1), one count of possession of crack cocaine (Count 4), one count of using and carrying a firearm during a crime of violence (Count 5), and one count of being a felon in possession of a firearm (Count 6).   Count 5 was vacated.   Only Counts 1 and 4 are relevant to the reduction requested in this case because they involve crack cocaine and were grouped together for guideline calculation purposes.

For Count 1, the Court sentenced Jackson under 21 U.S.C. § 841(b)(1)(A)(iii), where the sentencing range was 10 years to life.   At sentencing, the Court found relevant conduct of 903.5 grams of crack cocaine, *see* PSR ¶ 24, which under U.S.S.G. § 2D1.1(c)(2) (1994) yielded a base offense level of 36.   However, the Court further found that the defendant was a career offender

under U.S.S.G. § 4B1.1 (1994).   Because the statutory maximum sentence for the defendant's

offense of conviction in Count 1 was life, the base offense level applicable under U.S.S.G.

§ 4B1.1(A) (1994) was 37.   Because the offense level of 37 based on U.S.S.G. § 4B1.1(A)

(1994) was greater than the offense level based on U.S.S.G. § 2D1.1(c)(2) (1994), the Court

applied the offense level from U.S.S.G. § 4B1.1(A) (1994).   *See* U.S.S.G. § 4B1.1 (1994).

Considering the defendant's criminal history category of VI, established by his career offender

status, this yielded a sentencing range of 360 months to life in prison.   The Court imposed a

sentence of 360 months on Count 1 and 240 months on Count 4, to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First

Step Act.[1]   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

1 Section 404 of the First Step Act provides in full:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.   Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

2

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense.   First Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

The parties agree that Jackson is eligible for a sentence reduction under the First Step Act.   His conviction in Count 1 is the type of conviction covered by § 404 of the First Step Act. He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) under which he was sentenced.   Because the Fair Sentencing Act modified the penalties for the statute under which Jackson was sentenced, his offense qualifies as a covered offense under the Fair Sentencing Act. *See Shaw*, 957 F.3d at 739.   Thus, Jackson is eligible for reduction under the First Step Act, subject to the Court's discretion.

The defendant and the Government have agreed that the Court should exercise its

3

discretion to reduce Jackson's sentence pursuant to the First Step Act.   They further agree that the reduction should be to a term of imprisonment of "time served effective July 15, 2020" plus an additional condition of supervised release that would allow Jackson to remain housed in the residential reentry center where he has been placed by the Bureau of Prisons.   The Court has reviewed the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) as well as Jackson's pre- and post-conviction conduct, *see Shaw*, 957 F.3d at 741, and finds that the agreed reduction is appropriate.

Accordingly, the Court **GRANTS** the defendant's motion for a reduction (Doc. 175) to "time served effective July 15, 2020" plus an additional residential reentry center condition of supervised release.   It will enter a separate order of reduction in the Court's standard format.   In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 170).

**IT IS SO ORDERED.**
**DATED:   July 6, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**